United States District Court
Southern District of Texas

**ENTERED**

April 14, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **THI PHUONG BICH HOANG,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:26-cv-02681** |
| | § | |
| **TODD BLANCHE,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Before the Court is Petitioner Thi Phuong Bich Hoang's Petition for Writ of Habeas Corpus (ECF No. 1) and Respondents' Motion for Summary Judgment (ECF No. 6). After considering the briefing and applicable law, the Court hereby **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus. Respondents' Motion for Summary Judgment is **DENIED**.

Petitioner Sang Minh Tran, a citizen of Vietnam, has been in ICE detention since November 20, 2025. Her removal order became final on June 25, 2002, when the BIA dismissed Petitioner's appeal. Petitioner was released on an Order of Supervision (OSUP) on December 23, 2003. Petitioner was re-detained on November 20, 2025, at a routine ICE check-in; she was given no notice that her OSUP would be revoked. She has now spent more than 134 days in post-removal order detention.

The Immigration and Nationality Act ("INA") typically allows the United States Government ninety days to remove a noncitizen following a final order of removal. 8 U.S.C. § 1231(a)(1). Continued detention after a final removal order is presumptively reasonable for six

months; after six months, continued confinement raises constitutional concerns. *See Zadvydas v. Davis*, 533 U.S. 678, 690, 701 (2001).

In this case, the ninety-day removal period set forth in 8 U.S.C. § l23l(a)(l)(A) expired on September 23, 2002. Her removal order was final for more than twenty-three years with no steps taken towards effectuating Petitioner's removal. Per Respondents, travel documents have only been requested, and that request has not yet been forwarded to the attaché in Hanoi, Vietnam. The request remains in Respondents' control, pending before the RIO desk officer in Washington, D.C. Petitioner's home country has not indicated a willingness to accept her or issue travel documents in the immediate future. ECF No. 6 at 4. The request for travel documents was not initiated until December 15, 2025, almost a month after Petitioner's re-detention.

The Court finds that the rebuttable presumption of reasonability has been overcome. The Court finds that there is not a significant likelihood that removal will occur in the reasonably foreseeable future. Petitioner's due process rights under *Zadvydas* have been violated, and the appropriate remedy is release. Many district courts in recent months have held similarly. *See, e.g.*, *Nguyen v. Hyde*, No. 25-cv-11470, 2025 WL 1725791 (D. Mass. June 20, 2025); *Tadros v. Noem*, No. 25-cv-4108, 2025 WL 1678501 (D.N.J. June 13, 2025); *Zavvar v. Scott,* No. CV 25-2104-TDC, 2025 WL 2592543, at *6 (D. Md. Sept. 8, 2025).

Additionally, the Court concludes that Respondents' re-detention of Petitioner failed to comply with 8 CFR § 241.13, thereby violating Petitioner's right to due process of law. *See, e.g.*, *Abuelhawa v. Noem*, No. 4:25-CV-04128, 2025 WL 2937692 (S.D. Tex. Oct. 16, 2025); *Salgar v. Noem*, 4:25-cv-04797 (S.D. Tex. Nov. 14, 2025). The Court is persuaded by the reasoning in these and other similar cases.

The Court **ORDERS** as follows:

1. Respondents are **ORDERED** to release Petitioner from custody **within 48 hours**, pursuant to the terms of her prior Order of Supervision.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her attorney or next friend of the time and place of her release **no less than three hours** prior to her release from custody.

3. Petitioner shall comply with the conditions of her previous Order of Supervision while released. Respondents may not subject Petitioner to additional conditions of release without a hearing at which the government bears the burden of showing why new conditions are necessary.

4. Respondents shall not re-detain Petitioner under 8 C.F.R. § 241.13(i)(2)-(3) unless and until Respondents have obtained a travel document allowing for Petitioner's removal from the United States.

5. Respondents shall update the Court on the status of Petitioner's release on or before April 17, 2026.

**IT IS SO ORDERED.**

Signed at Houston, Texas, on April 13, 2026.

Keith P. Ellison
United States District Judge